1   Michael G. Marderosian (SBN 77296)
      *mick@mcc-legal.com*
2   Heather S. Cohen (SBN 263093)
      *heather@mcc-legal.com*
3   MARDEROSIAN & COHEN
    1200 Truxtun Avenue, Suite 130
4   Bakersfield, CA 93301
    Telephone:  (559) 441-7991
5   Facsimile: (559) 441-8170

6   Virginia Gennaro, No. 138877
      *vgennaro@bakersfieldcity.us*
7   City Attorney
    CITY OF BAKERSFIELD
8   1501 Truxtun Avenue
    Bakersfield, CA  93301
9   Telephone:  (661) 326-3721
    Facsimile:  (661) 852-2020

10

11  Attorneys for:  Defendants CITY OF BAKERSFIELD, SANDEEP MALHI
                    and KEVIN SHIPTON

12
                    UNITED STATES DISTRICT COURT
13
                  EASTERN DISTRICT / FRESNO DIVISION
14

15  ELICEO MERAZ,                    )   Case No. _____
                                     )
16              Plaintiff,           )   **NOTICE OF REMOVAL OF**
                                     )   **CASE TO FEDERAL COURT**
17        v.                         )
                                     )
18  CITY OF BAKERSFIELD; SANDEEP     )
    MALHI; KEVIN SHIPTON; and DOES   )
19  1 through 10, inclusive,         )
                                     )
20              Defendants.          )
                                     )
21  _____)

22      Defendants  CITY  OF  BAKERSFIELD,  SANDEEP  MALHI  and  KEVIN  SHIPTON

23  (hereinafter "City Defendants") respectfully allege as follows:

24      1.      On June 11, 2021, Plaintiff Eliceo Meraz filed his Summons, Complaint and Civil Case

25  Cover Sheet with the Kern County Superior Court.

26      2.      On June 14, 2021, the Kern County Superior Court issued a Notice of Assignment to

27  Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case

28  Management Conference and Order to Show Cause hearing.

MARDEROSIAN & COHEN

3.     A copy of all of the pleadings in the City Defendants' file are attached hereto as Exhibits 1 through 6 as follows:

| NO. | DATE | DOCUMENT | FILED BY |
|---|---|---|---|
| 1 | 06/11/2021 | Complaint | Plaintiff |
| 2 | 06/11/2021 | Issued Summons | Plaintiff |
| 3 | 06/14/2021 | Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference | Kern County Superior Court |

4.     The only matters set for hearing in the Kern County Superior Court is an Order to Show Cause Re CRC 3.110 on September 27, 2021 and a Case Management Conference on December 13, 2021.

5.     This Court has original jurisdiction over the claims against City Defendants under 28 U.S.C. § 1331 because district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6.     The removal of this claim against City Defendants to this Court is proper under 28 U.S.C § 1441(b) because any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties and under 28 U.S.C § 1441(c) because the claims asserted against the City Defendants are separate and independent.

7.     A copy of the Notice to Adverse Parties of Removal of Case to Federal Court which attaches this Notice of Removal of Case to Federal Court that will be filed with the Kern County Superior Court is attached hereto as Exhibit 4.

WHEREFORE, City Defendants pray that this action be removed to this Court.

Dated:  July 29, 2021                    MARDEROSIAN & COHEN


                                        */s/ Michael G. Marderosian*

                            By:_____
                                        Michael G. Marderosian,
                                        Attorney for Defendant above-named.

EXHIBIT 1

1  Humberto Guizar, Esq. (SBN 125769); hguizar@ghclegal.com
2  Kent M. Henderson, Esq. (SBN 139530); hendolaw@gmail.com
   Angel Carrazco, Jr. Esq. (SBN 230845); angel@carrazcolaw.com
3  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
   18301 Irvine Boulevard
4  Tustin, CA 92780
   Telephone: (714) 541-8600
5  Facsimile: (714) 541-8601

6  Attorneys for Plaintiff ELICEO MERAZ

**ELECTRONICALLY FILED**
**6/11/2021 3:41 PM**
**Kern County Superior Court**
**By Sophia Munoz Alvarez, Deputy**

7

8

9

10             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                              **CITY OF KERN**
11

12

13
   ELICEO MERAZ, an individual,          )    **CASE NO.:**  BCV-21-101334
14                                        )
                     Plaintiffs,          )    **COMPLAINT FOR DAMAGES FOR**
15                                        )
                                          )    1.  Unreasonable Search and
16         v.                             )        Seizure—Excessive Force and Denial of
                                          )        Medical Care (42 U.S.C. § 1983);
17  CITY OF BAKERSFIELD; SANDEEP          )    2.  Municipal Liability (42 U.S.C. § 1983);
    MALHI; KEVIN SHIPTON; and DOES 1      )    3.  Assault and Battery;
18  through 10, inclusive,                )    4.  Negligence;
                                          )    5.  Violation of Section 52.1 of The
19                   Defendants.          )        California Civil Code (Tom Bane Act
20                                        )        Violation)
                                          )
21  _____ )

22                                             **DEMAND FOR JURY TRIAL**

23

24

25

26
           Plaintiff ELICEO MERAZ, for causes of action against Defendants, and each of the,
27
   hereby complains and alleges as follows:
28

                     PLAINTIFF'S COMPLAINT FOR DAMAGES -- 1

1  **PLAINTIFF'S COMPLAINT FOR DAMAGES**

2      1.     Plaintiff ELICEO MERAZ hereby brings his Complaint for Damages against

3  Defendants,  CITY  OF  BAKERSFIELD  (hereinafter  sometimes  referred  to  as

4  "BAKERSFIELD");  SANDEEP  MALHI  (hereinafter  sometimes  referred  to  as  "MALHI");

5  KEVIN SHIPTON (hereinafter sometimes referred to as "SHIPTON")  and DOES 1-10.

6      2.     This action seeks compensatory and punitive damages from individual Defendants,

7  SANDEEP MALHI; KEVIN SHIPTON, employees of CITY OF BAKERSFIELD and senior

8  CITY OF BAKERSFIELD Police Department ("BPD") officials for violations of state law and

9  fundamental rights under the United States Constitution in connection with the shooting of

10  Plaintiff ELICEO MERAZ on November 30, 2020 when ELICEO MERAZ was shot by

11  Defendants, Bakersfield Police Officer SANDEEP MALHI; Bakersfield Police Officer KEVIN

12  SHIPTON and DOES 1-10.

13  **PARTIES**

14      3.     At all relevant times herein mentioned, Plaintiff ELICEO MERAZ was an

15  individual residing in the City of Bakersfield, County of Kern, State of California.

16      4.     Plaintiff is informed and believes and thereon alleges that, at all times herein

17  mentioned, Defendant CITY OF BAKERSFIELD is a public entity that includes the City of

18  Bakersfield Police Department (hereinafter sometimes referred to as "BPD").  Defendant CITY

19  OF BAKERSFIELD is responsible for the actions, omissions, policies, procedures, practices and

20  customs of its various agents and agencies, including the BPD, and its agents, Officers, Sergeants,

21  Supervisors and employees.   At all times relevant to the facts alleged herein, Defendant

22  BAKERSFIELD was responsible for assuring that the actions, omissions, policies, procedures,

23  practices and customs of the BPD and its employees and agents complied with the laws and the

24  Constitution of the United States and of the State of California.

25      5.     Plaintiff is informed and believes and thereon alleges that, at all times herein

26  mentioned, Defendant CITY OF BAKERSFIELD employed Defendants SANDEEP MALHI and

27  KEVIN SHIPTON as Police Officers with the City of Bakersfield Police Department and that

28  Defendants SANDEEP MALHI and KEVIN SHIPTON were employees acting in the course and

1    scope of their employment with Defendant CITY OF BAKERSFIELD at the time that the subject

2    shooting incident referred to herein took place.

3          6.     Plaintiff is informed and believes and thereon alleges that, at all relevant times

4    herein mentioned, Defendant SANDEEP MALHI, is, and was, a resident of the County of Kern,

5    State of California employed as a Police Officer with the CITY OF BAKERSFIELD and its

6    Police Department. At all times herein relevant, Defendant SANDEEP MALHI was an employee

7    and/or agent of Defendant BAKERSFIELD and acted under color of law, to wit, under color of

8    law and the statutes, ordinances, regulations, policies, customs, and usages of Defendant

9    BAKERSFIELD and the BPD as well as under the color of the statutes and regulations of the

10   State of California. Defendant SANDEEP MALHI is sued as both an employee, agent,

11   representative and/or servant of BAKERSFIELD and sued in his individual capacity for damages

12   only. At all relevant times, Defendant SANDEEP MALHI was a duly authorized employee and

13   agent of BAKERSFIELD, who was acting under color of law and within the course and scope of

14   his individual and/or representative capacity and respective duties as an officer and law

15   enforcement agent and with the complete authority and ratification of his principal, Defendant

16   BAKERSFIELD.

17         7.     Plaintiff is informed and believes and thereon alleges that, at all relevant times

18   herein mentioned, Defendant KEVIN SHIPTON, is, and was, a resident of the County of Kern,

19   State of California employed as a Police Officer with the CITY OF BAKERSFIELD and its

20   Police Department. At all times herein relevant, Defendant KEVIN SHIPTON was an employee

21   and/or agent of Defendant BAKERSFIELD and acted under color of law, to wit, under color of

22   law and the statutes, ordinances, regulations, policies, customs, and usages of Defendant

23   BAKERSFIELD and the BPD as well as under the color of the statutes and regulations of the

24   State of California. Defendant KEVIN SHIPTON is sued as both an employee, agent,

25   representative and/or servant of BAKERSFIELD and sued in his individual capacity for damages

26   only. At all relevant times, Defendant KEVIN SHIPTON was a duly authorized employee and

27   agent of BAKERSFIELD, who was acting under color of law and within the course and scope of

28   his individual and/or representative capacity and respective duties as an officer and law

1    enforcement agent and with the complete authority and ratification of his principal, Defendant

2    BAKERSFIELD.

3        8.    At all relevant times, Defendants DOES 1 through 10 were employees of

4    Defendant BAKERSFIELD. At all times relevant, Defendants DOES 1 through 10 were an

5    employee and/or agent of Defendant BAKERSFIELD and each of these individual Defendants

6    acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies,

7    customs, and usages of Defendant BAKERSFIELD and the BPD as well as under the color of the

8    statutes and regulations of the State of California. Defendants DOES 1 through 10 are sued both

9    as employees, agents, representatives and/or servants of BAKERSFIELD and sued in their

10   individual capacities for damages only. At all relevant times, Defendants DOES 1 through 10,

11   inclusive, were duly authorized employees and agents of BAKERSFIELD, who were acting

12   under color of law within the course and scope of their individual and/or representative capacities

13   and respective duties as officers and law enforcement agents and with the complete authority and

14   ratification of their principal, Defendant BAKERSFIELD.

15       9.    The true names of Defendants DOES 1 Through 10, inclusive, are unknown to

16   Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave

17   to amend this complaint to show the true names and capacities of these defendants when they

18   have been ascertained. Each of the fictitious named defendants is responsible in some manner for

19   the conduct and liabilities alleged herein.

20       10.   At all times mentioned, each of the Defendants and DOE Defendants caused and is

21   responsible for the unlawful conduct and resulting by, inter alia, personally participating in the

22   conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing,

23   condoning, acting, omitting or failing to take action to prevent the unlawful conduct by

24   promulgating or failing to promulgate policies and procedures pursuant to which the unlawful

25   conduct procedures; by failing and refusing, with deliberate indifference to Plaintiffs' and

26   PLAINTIFF's rights, to initiate and maintain adequate supervision, security, training, compliance

27   with responsibilities and duties, and staffing; by failing to maintain proper and adequate policies,

28   and procedures; and by ratifying and condoning the unlawful conduct performed by agents and

1    officers, deputies, and employees under their direction and control. The true names and identities

2    of Defendants DOES 1 through 10 are currently unknown and DOES 1 through 10 are now sued

3    herein by their inclusion in this Complaint upon its filing even though currently fictitiously

4    named and when the true identities of Defendants DOES 1 through 10 are discovered they will

5    have already been sued herein as related back to the time of the filing of this Complaint.

6        11.    Each of the Defendants, including Defendants DOES 1 through 10, caused and is

7    responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the

8    conduct of shooting Plaintiff ELICEO MERAZ, or acting jointly and in concert with others who

9    did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by

10    promulgating policies and procedures pursuant to which the unlawful conduct and procedures; by

11    failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain

12    adequate supervision and/or training; and, by ratifying the unlawful conduct and procedures by

13    agents and peace officers under their direction and control. Whenever and wherever reference is

14    made in this Complaint to any act by a Defendant, including Defendants DOES 1 through 10,

15    such allegation and reference shall also be deemed to mean the acts and failures to act of each

16    Defendant individually, joint, and severally. the individual Defendants are sued in their individual

17    and official capacities and in some manner are responsible for the acts and omissions alleged

18    herein. Plaintiff will seek leave of this Court to amend this Complaint to allege such name and

19    responsibility when that information is ascertained. Each of Defendants is the agent of the other

20    and the actions of each of the Defendants were ratified by the other Defendants.

21        12.    Whenever and wherever reference is made in this Complaint to any act by

22    Defendants and DOE Defendants, such allegations and references shall also be deemed to mean

23    the acts and failures to act of each Defendants individually, jointly or severally.

24                          **JURISDICTION AND VENUE**

25        13.    This action is properly filed in the Kern County Superior Court, as it is a personal

26    injury case and seeks remedies under state law for injuries to Plaintiff, ELICEO MERAZ, as well

27    for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. Sections

28

1    1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution,

2    and the California Constitution.

3         14.    Venue is proper in this Court because Defendants reside in, and in all incidents,

4    events, occurred in the City of Bakersfield, County of Kern, State of California.  Plaintiff

5    ELICEO MERAZ timely and properly presented tort / government claims to Defendants CITY

6    OF BAKERSFIELD (including any of its then unknown Officers or employees) on January 26,

7    2021 (within six months of the incident November 30, 2021 incident) pursuant to Cal. Gov. Code

8    Section 910 et seq. preserving Plaintiff's state law claims against Defendants BAKERSFIELD

9    and its employees Defendant SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10.

10    Defendant CITY OF BAKERSFIELD rejected Plaintiff's tort / government claims by Notice of

11    Rejection of Government Claim sent by mail on February 22, 2021 and this action is timely filed

12    within six months of said rejection and within all applicable statutes of limitations.

13    <div align="center">**FACTUAL ALLEGATIONS**</div>

14         15.    Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of

15    this Complaint with same force and effect as if fully set forth herein.

16         16.    On November 30, 2020, during daylight hours, Plaintiff ELICEO MERAZ was in

17    the 2000 block of Truxton Avenue in Bakersfield, California sitting in his pick-up truck with no

18    gun or other weapon.  At said place and time, on November 30, 2020, Defendants SANDEEP

19    MALHI; KEVIN SHIPTON and DOES 1 through 10, utilizing negligent tactics, negligently

20    using more force than was necessary and using deadly force when the unarmed Plaintiff ELICEO

21    MERAZ presented no immediate threat to life or of serious bodily injury, used deadly force / shot

22    Plaintiff ELICEO MERAZ.  The shots fired by the Defendants SANDEEP MALHI; KEVIN

23    SHIPTON and DOES 1 through 10 struck Plaintiff ELICEO MERAZ causing him severe,

24    permanent personal injuries, pain, and suffering, severe emotional distress and other special and

25    general damages as set forth herein.

26         17.    Based upon information and belief, Defendants, including Defendants SANDEEP

27    MALHI; KEVIN SHIPTON and DOES 1 through 10, did not provide adequate warning that they

28    were about to shoot him even though it was feasible to give such a warning.  As a result of

1    Defendants' actions and inactions, including the acts and failure to act of Defendants SANDEEP

2    MALHI; KEVIN SHIPTON and DOES 1 through 10, stated above, Plaintiff ELICEO MERAZ is

3    entitled to damages. Additionally, under California state law, as specifically amended by statue

4    to change the standard for the use of deadly force, Defendants, including Defendants SANDEEP

5    MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, were only allowed to use

6    "necessary force" and the force used was unnecessary as their existed other "available resources

7    and techniques" including, but not limited to, containment, back-up, and other less than lethal

8    alternatives to use of deadly force including but not limited to verbal commands, counseling,

9    negotiating, less than lethal force, etc.

10        18.    Additionally, California state law, as amended required that "the decision by a

11    peace officer to use force …be evaluated carefully and thoroughly, in a manner that reflects the

12    gravity of that authority and the serious consequences of the use of force by peace officers, in

13    order to ensure that officers use force consistent with law and agency policies." Instead,

14    Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through

15    10, violated California law and did not do any careful evaluation but just suddenly shot Plaintiff

16    ELICO MERAZ.

17        19.    California law as amended required that Defendants, including Defendants

18    SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, had to exhaust all other means

19    to take into custody before using deadly force because it is now the law that you can only use

20    necessary force and it isn't necessary to use deadly force until you have exhausted all other

21    means. Instead of using only "necessary force", Defendants, including Defendants SANDEEP

22    MALHI; KEVIN SHIPTON and DOES 1 through 10, blatantly failed to do anything or try

23    anything other than to use deadly force and simply shoot Plaintiff ELICEO MERAZ in a

24    commando style "shoot first ask questions later fashion." While California law, as amended,

25    requires that deadly force be used only as a last resort, Defendants, including Defendants

26    SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, used deadly force as a first

27    resort.

28

1    20.    The conduct of the individual Defendants SANDEEP MALHI; KEVIN SHIPTON

2    and DOES 1 through 10 was willful, wanton, malicious, and done with reckless disregard for the

3    rights and safety of Plaintiff ELICEO MERAZ and therefore warrants the imposition of

4    exemplary and punitive damages against each and every aforementioned individual Defendants.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR**
**EXCESSIVE FORCE & DENIAL OF MEDICAL CARE -- 42 U.S.C. § 1983**
**(By Plaintiff ELICEO MERAZ against Defendants SANDEEP MALHI; KEVIN SHIPTON,**
**and DOES 1 through 10)**

8    21.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of

9    this Complaint with same force and effect as if fully set forth herein.

10    22.    The shooting of Plaintiff ELICEO MERAZ by Defendants, including Defendants

11    SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, deprived Plaintiff of his right to

12    be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff

13    under the Fourth Amendment to the United States Constitution and applied to state actors by the

14    Fourteenth Amendment.

15    23.    On November 30, 2020, Defendants, including Defendants SANDEEP MALHI;

16    KEVIN SHIPTON and DOES 1 through 10, acting in their individual and/or representative

17    capacities and in the course and scope of their employment with Defendant CITY OF

18    BAKERSFIELD, acting under color of law, used unreasonable and excessive deadly force and

19    violated the Constitutional Rights of Plaintiff ELICEO MERAZ when they shot Plaintiff ELICEO

20    MERAZ causing severe, permanent and disabling injuries.  Plaintiff ELICEO MERAZ was

21    unarmed when the Defendants shot him and Plaintiff ELICEO MERAZ did not present an

22    immediate threat of death or serious bodily injury to the Defendants or to others.  The deadly

23    force used by Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and

24    DOES 1 through 10, was objectively unreasonable and therefore in violation of 42 U.S.C. Section

25    1983.

26    24.    The foundation of the Fourth Amendment is reasonableness. The deadly force

27    Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through

28

10, used on Plaintiff was fundamentally unreasonable and in violation of Plaintiff's Fourth Amendment right to be secure in his person against unreasonable searches and seizures.

25.    By virtue of their misconduct, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, are liable for Plaintiff's severe disabling personal injuries, either because these Defendants were integral participants in the use of deadly and excessive force, or because they failed to intervene to prevent these violations.

26.    Furthermore, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering.

27.    This use of deadly force by Defendants, including BPD Deputies, Sergeants or employees of CITY OF BAKERSFIELD, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

28.    On November 30, 2020, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, acting in their individual and/or representative capacity and in the course and scope of their employment with Defendant CITY OF BAKERSFIELD, acting under color of law, used unreasonable and excessive force when they intentionally fired their guns Plaintiff ELICEO MERAZ and violated the Constitutional Rights of Plaintiff.  Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10 fired bullets at Plaintiff ELICEO MERAZ when Plaintiff did not present an immediate threat of death or serious bodily injury to the Officers or anyone else, and the deadly force used by Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

29.    As a direct and proximate result of the actions of Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, including, in using unreasonable deadly force on Plaintiff ELICEO MERAZ, they caused Plaintiff ELICEO MERAZ to suffer severe personal injuries.  As a direct and proximate result of said tortious acts, and omissions or conduct of the Defendants, and each of them, Plaintiff ELICEO MERAZ sustained, losses, injuries and damages which are itemized as follows:

a.    Serious and severe personal injuries to Plaintiff ELICEO MERAZ, including pain, past, present and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress in an amount according to proof at the time of trial;

b.    Expenses for Plaintiff's past, present and future medical care and treatment in an amount according to proof at the time of trial; and

c.    Loss of Plaintiff's past earnings, future earnings and future earning capacity potential in an amount according to proof at the time of trial.

30.    The conduct of the individual Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff ELICEO MERAZ and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10.

31.    Plaintiffs are entitled to and pray for an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988 in an amount according to proof.

### SECOND CAUSE OF ACTION
### MUNICIPAL LIABILITY FOR RATIFICATION and UNCONSTITUTIONAL CUSTOM OR POLICY --42 U.S.C. § 1983
### (By Plaintiff ELICEO MERAZ against Defendant CITY OF BAKERSFIELD and DOES 1 through 10)

32.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein

33.    Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive acted under color of law.

34.    The acts of the individual Defendants deprived Plaintiff ELICEO MERAZ of his particular rights under the United States Constitution.

35.    Upon information and belief, a final policymaker, within Defendants DOES 1 through 10, acting under color of law, who had final policymaking authority concerning the acts of the individual Defendants, ratified the acts of the Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of the individual Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10's acts.  Defendants DOES 1-10 knew that they could use unreasonable force whenever they wanted and BAKERSFIELD would always find the force to be reasonable no matter how egregious and unwarranted (as here) the use of force was.  The fact that Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10 knew that BAKERSFIELD would always find whatever force used to be reasonable and would ratify it no matter how egregious and that Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10 would suffer no employment or other consequences from using unreasonable force was the moving force in Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10 using unreasonable force on November 30, 2020.

36.    Upon information and belief, a final policymaker within Defendants BAKERSFIELD and DOES 1 through 10, has determined (or will determine) that the acts of the individual Defendants were "within policy" in the shooting of Plaintiff ELICEO MERAZ.

37.    By reason of the aforementioned acts and omissions, Plaintiff ELICEO MERAZ suffered severe personal injuries and other damages in an amount according to proof at the time of trial.

38.    Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10 acted under color of law and the unjustified shooting of ELICEO MERAZ was found to be within BAKERSFIELD / BPD Department policy even though it violated said policy.

39.    On information and belief, Defendants, including SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, unjustified shooting of Plaintiff ELICEO MERAZ was ratified by BAKERSFIELD supervisorial officers including Defendants DOES 1-10.

40.    On information and belief, Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, were not disciplined for the unjustified shooting of Plaintiff ELICEO MERAZ.

41.    On and for some time prior to November 30, 2020 (and continuing to the present date), Defendants BAKERSFIELD and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff ELICEO MERAZ, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Employing and retaining as Officers and other personnel, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, whom Defendants BAKERSFIELD and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written BPD policies, including the use of excessive force;

B. Of inadequately supervising, training, controlling, assigning, and disciplining BAKERSFIELD employees and other personnel, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, whom Defendants BAKERSFIELD and DOES 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

C. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10 who are Officers and/or agents of BAKERSFIELD;

D. By failing to discipline BAKERSFIELD Officers and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

PLAINTIFF'S COMPLAINT FOR DAMAGES -- 12

1        E. By ratifying the intentional misconduct of SANDEEP MALHI; KEVIN SHIPTON

2            DOES 1-10 and other BAKERSFIELD Officers and/or agents, who are

3            BAKERSFIELD Officers and/or agents of BAKERSFIELD;

4        F. By failing to have personnel respond to incident of emotional crises or to incidents

5            involving effects of being trapped inside with counseling, verbal persuasion,

6            talking a person down or other means and methods to respond other than weapons

7            and firing bullets;

8        G. By having and maintaining an unconstitutional policy, custom, and practice of

9            detaining and arresting individuals without probable cause or reasonable suspicion,

10        and using excessive force, including deadly force, which also is demonstrated by

11        inadequate training regarding these subjects. The policies, customs, and practices

12        of Defendants BAKERSFIELD and DOES 1-10 were maintained with a deliberate

13        indifference to individuals' safety and rights; and

14        H. By failing to properly investigate claims of unlawful detention and excessive force

15            by BAKERSFIELD Police Officers.

16     42.    By reason of the aforementioned policies and practices of Defendants

17 BAKERSFIELD and DOES 1-10, Plaintiff was severely injured and subjected to pain and

18 suffering and other damages. The aforementioned policies and practices of Defendants, including

19 the custom, policy and practice of Defendant BAKERSFIELD and DOES 1-10 in allowing its

20 peace officers to use unjustified, excessive and unreasonable deadly force in shooting persons

21 who had fired no shots and who are unarmed with no punishment for the involved peace officers

22 was a moving force that caused Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES

23 1-10 to use unreasonable deadly force on Plaintiff, who was also unarmed and fired no shots at

24 Defendants nor otherwise, presented an immediate danger to Defendants or others.

25     43.    Defendants BAKERSFIELD and DOES 1-10, together with various other officials,

26 whether named or unnamed, had either actual or constructive knowledge of the deficient policies,

27 practices and customs alleged in the paragraphs above. Despite having knowledge as stated

28 above, these defendants condoned, tolerated and through actions and inactions thereby ratified

1    such policies. Said defendants also acted with deliberate indifference to the foreseeable effects

2    and consequences of these policies with respect to the constitutional rights of Plaintiff, and other

3    individuals similarly situated.

4         44.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and

5    other wrongful acts, Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10 acted

6    with intentional, reckless, and callous disregard for the life and safety of Plaintiff and Plaintiff's

7    constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained,

8    and still tolerated by Defendants BAKERSFIELD and DOES 1-10 were affirmatively linked to

9    and were a significantly influential force behind the injuries of Plaintiff.

10        45.    By reason of the aforementioned acts and omissions of Defendants

11   BAKERSFIELD and DOES 1-10, Plaintiff ELICEO MERAZ was caused to incur damages as

12   stated herein.

13        46.    By reason of the aforementioned acts and omissions of Defendants

14   BAKERSFIELD and DOES 1-10, Plaintiff ELICEO MERAZ sustained, losses, injuries and

15   damages which are itemized as follows:

16        d.    Serious and severe personal injuries to Plaintiff ELICEO MERAZ, including pain,

     past, present and future physical pain, mental suffering, loss of enjoyment of life, disfigurement,

17   physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress in an

18   amount according to proof at the time of trial;

19

20        e.    Expenses for Plaintiff's past, present and future medical care and treatment in an

     amount according to proof at the time of trial; and

21

22        f.    Loss of Plaintiff's past earnings, future earnings and future earning capacity

23   potential in an amount according to proof at the time of trial.

24        47.    Accordingly, Defendants BAKERSFIELD and DOES 1-10 each are liable to

25   Plaintiffs for compensatory damages under 42 U.S.C. Section 1983.

26        48.    Plaintiff ELICEO MERAZ further claims all of Plaintiff's attorneys' fees and costs

27   incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under

28   42 U.S.C. Section 1988.

PLAINTIFF'S COMPLAINT FOR DAMAGES -- 14

**THIRD CAUSE OF ACTION**

**ASSAULT AND BATTERY -- Cal. Govt. Code Sections 815; 820 and California Common Law**

**(By Plaintiff ELICEO MERAZ Against Defendants SANDEEP MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10)**

49.      Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

50.      Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, while working as BPD Officers, Sergeants, supervisors or employees for CITY OF BAKERSFIELD, and acting within the course and scope of their duties, intentionally shot Plaintiff ELICEO MERAZ.   Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, had no legal justification for using force against PLAINTIFF and the use of force was unnecessary.

51.      At all times herein mentioned, subsequent to January 1, 2020 and as of November 30, 2021, law enforcement officers in California were only allowed to use necessary force. Under California Penal Code Section 835a, "it is the intent of the Legislature that peace officers use deadly force only when necessary in defense of human life [and] in determining whether deadly force is necessary, officers shall evaluate each situation in light of the particular circumstances of each case, and shall use other available resources and techniques if reasonably safe and feasible to an objectively reasonable officer."

52.      Additionally, under California state law, as specifically amended by statue to change the standard for the use of deadly force, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, were only allowed to use "necessary force" and the force used was unnecessary as there existed other "available resources and techniques" including, but not limited to, containment, back-up, and other less than lethal alternatives to use of deadly force including but not limited to verbal commands, counseling, negotiating, less than lethal force, etc.  Additionally, California state law, as amended required that "the decision by a peace officer to use force …be evaluated carefully and thoroughly, in a manner that reflects the gravity of that authority and the serious consequences of the use of force

1  by peace officers, in order to ensure that officers use force consistent with law and agency
2  policies."

3          53.  Instead, Defendants, including Defendants SANDEEP MALHI; KEVIN
4  SHIPTON and DOES 1 through 10, violated California law and did not do any careful evaluation
5  but just suddenly shot Plaintiff ELICO MERAZ. California law as amended required that
6  Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through
7  10, had to exhaust all other means to take into custody before using deadly force because it is now
8  the law that you can only use necessary force and it isn't necessary to use deadly force until you
9  have exhausted all other means. Instead of using only "necessary force", Defendants, including
10  Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, blatantly failed to
11  do anything or try anything other than to use deadly force and simply shoot Plaintiff ELICEO
12  MERAZ in a commando style "shoot first ask questions later fashion." While California law, as
13  amended, requires that deadly force be used only as a last resort, Defendants, including
14  Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, used deadly force
15  as a first resort.

16          54.  Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and
17  DOES 1-10, battered Plaintiff when they used unnecessary deadly force when they shot Plaintiff.

18          55.  On November 30, 2020, Defendants, including Defendants SANDEEP MALHI;
19  KEVIN SHIPTON and DOES 1-10, acting in the course and scope of their employment with
20  Defendant BAKERSFIELD, intentionally fired their guns at the unarmed Plaintiff ELICEO
21  MERAZ which was unnecessary deadly force. Defendants SANDEEP MALHI; KEVIN
22  SHIPTON and DOES 1-10, acting in the course and scope of their employment with Defendant
23  BAKERSFIELD, intentionally fired their guns at the unarmed Plaintiff ELICEO MERAZ which
24  also was unnecessary deadly force that placed Plaintiff in apprehension of an immediate touching
25  (Assault) when the bullets hit him when he did not present any threat.

26          56.  CITY OF BAKERSFIELD is vicariously liable for the wrongful acts of
27  Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10,
28  inclusive, pursuant to Section 815.2(a) and 820 of the California Government Code, which

1    provides that a public entity is liable for the injuries caused by its employees within the scope of

2    the employment if the employee's acts would subject him or her to liability.

3        57.    As a direct and proximate result of the actions of Defendants, including BPD

4    Deputies, Sergeants or employees of BAKERSFIELD, including Defendants SANDEEP MALHI;

5    KEVIN SHIPTON and DOES 1-10, in using unreasonable force by firing their guns at Plaintiff

6    ELICEO MERAZ, they caused Plaintiff ELICEO MERAZ to suffer pain and suffering, extreme

7    emotional distress, worry, anxiety, suffering and other damages in an amount according to proof

8    at the time of trial.

9        58.    By reason of the aforementioned acts and omissions of Defendants SANDEEP

10    MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10, Plaintiff ELICEO MERAZ

11    sustained, losses, injuries and damages which are itemized as follows:

12        g.    Serious and severe personal injuries to Plaintiff ELICEO MERAZ, including pain,

13    past, present and future physical pain, mental suffering, loss of enjoyment of life, disfigurement,

14    physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress in an

       amount according to proof at the time of trial;

15

16        h.    Expenses for Plaintiff's past, present and future medical care and treatment in an

       amount according to proof at the time of trial; and

17

18        i.    Loss of Plaintiff's past earnings, future earnings and future earning capacity

       potential in an amount according to proof at the time of trial.

19

20        59.    The conduct of the individual Defendants, including Defendants SANDEEP

21    MALHI; KEVIN SHIPTON and DOES 1-10, inclusive and was malicious, wanton, oppressive,

22    and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff ELICEO

23    MERAZ, individually, and as a Successor-in-interest to Plaintiff ELICEO MERAZ, to an award

24    of exemplary and punitive damages as to Defendants SANDEEP MALHI; KEVIN SHIPTON and

       DOES 1 through 10.

25

26        ///

27        ///

28        ///

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**
**(By Plaintiff ELICEO MERAZ Against Defendants SANDEEP MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10)**

60.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

61.    The actions and inactions of Defendants, including the actions of Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable."

62.    Additionally, under California state law, as specifically amended by statue to change the standard for the use of deadly force, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, were only allowed to use "necessary force" and the force used was unnecessary as their existed other "available resources and techniques" including, but not limited to, containment, back-up, and other less than lethal alternatives to use of deadly force including but not limited to verbal commands, counseling, negotiating, less than lethal force, etc.

63.    Additionally, California state law, as amended required that "the decision by a peace officer to use force …be evaluated carefully and thoroughly, in a manner that reflects the gravity of that authority and the serious consequences of the use of force by peace officers, in order to ensure that officers use force consistent with law and agency policies." Instead, Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, violated California law and did not do any careful evaluation but just suddenly shot Plaintiff ELICO MERAZ. California law as amended required that Defendants, including Defendants

1   SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, had to exhaust all other means
2   to take into custody before using deadly force because it is now the law that you can only use
3   necessary force and it isn't necessary to use deadly force until you have exhausted all other
4   means.

5       64.     Instead of using only "necessary force", Defendants, including Defendants
6   SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, blatantly failed to do anything
7   or try anything other than to use deadly force and simply shoot Plaintiff ELICEO MERAZ in a
8   commando style "shoot first ask questions later fashion."   While California law, as amended,
9   requires that deadly force be used only as a last resort, Defendants, including Defendants
10  SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, used deadly force as a first
11  resort.

12      65.     Additionally, subsequent to January 1, 2020, California Law was amended to
13  allow Police Officers to only use "necessary force" including that such officers shall use all other
14  available resources and techniques before using deadly force.  Defendants SANDEEP MALHI;
15  KEVIN SHIPTON and DOES 1 through 10, in the course and scope of their employment and
16  agency with Defendant BAKERSFIELD, breached their duty and were negligent, used
17  unnecessary force and were negligent in their actions and inactions which included but are not
18  limited to:

19      A. The failure to properly and adequately assess the need to detain, arrest, and use force
20         or deadly force against Plaintiff ELICEO MERAZ by shooting bullets into the
21         unarmed Plaintiff;

22      B. The negligent tactics and handling of the situation with Plaintiff ELICEO MERAZ,
23         including pre-shooting negligence;

24      C. The failure to use alternative means to take into custody including, but not limited to,
25         time, space, assessing psychological or emotional condition, verbalization, talking the
26         subject down, counseling, commands, hands on grappling, non-deadly impact
27         weapons, less-than-lethal weapons and less-than-lethal force;

28

D. The negligent detention, arrest, and use of force, including deadly force, against Plaintiff ELICEO MERAZ and the firing of bullets into the unarmed Plaintiff who should not have ever had shots even fired at him;

E. The failure to provide prompt medical care to Plaintiff ELICEO MERAZ;

F. The failure of Defendant BAKERSFIELD to properly train and supervise employees, both professional and non-professional, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, inclusive, including, but not limited to the failure to train to follow California Law that only allowed for the use of necessary force, the failure to follow POST and the BPD Manual of Policies and Procedures;

G. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff ELICEO MERAZ;

H. The violation of Defendant BPD Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regards to foot pursuits, tactics and use of force; and

I. Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, were only able to use "necessary force" and the force used was unnecessary as their existed other "available resources and techniques" including, but not limited to, containment, back-up, and other less than lethal alternatives to use of deadly force including but not limited to verbal commands, counseling, negotiating, assessing psychological or emotional condition, less than lethal force, etc. Additionally, California state law, as amended (California Penal Code Section 835a) required that "the decision by a peace officer to use force ...be evaluated carefully and thoroughly, in a manner that reflects the gravity of that authority and the serious consequences of the use of force by peace officers, in order to ensure that officers use force consistent with law and agency policies." Instead, Defendants, including

PLAINTIFF'S COMPLAINT FOR DAMAGES -- 20

1    Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through 10, violated

2    California law and did not do any careful evaluation but just suddenly shot the

3    unarmed Plaintiff causing severe injuries.

4    J.    Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES

5    1 through 10, blatantly failed to do anything or try anything other than simply shoot

6    Plaintiff in a commando style "shoot first ask questions later fashion."    While

7    California law, as amended, requires that deadly force be used as a last resort,

8    Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES

9    1 through 10, used deadly force as a first resort

10    66.    The CITY OF BAKERSFIELD is vicariously liable for the wrongful acts of

11    Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1 through

12    10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which

13    provides that a public entity is liable for the injuries caused by its employees within the scope of

14    the employment if the employee's act would subject him or her to liability.

15    67.    By reason of the aforementioned acts and omissions of Defendants SANDEEP

16    MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10, Plaintiff ELICEO MERAZ

17    sustained, losses, injuries and damages which are itemized as follows:

18    j.    Serious and severe personal injuries to Plaintiff ELICEO MERAZ, including pain,

19    past, present and future physical pain, mental suffering, loss of enjoyment of life, disfigurement,

     physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress in an

20    amount according to proof at the time of trial;

21    k.    Expenses for Plaintiff's past, present and future medical care and treatment in an

22    amount according to proof at the time of trial; and

23    c.    Loss of Plaintiff's past earnings, future earnings and future earning capacity

24    potential in an amount according to proof at the time of trial.

25    68.    The conduct of the individual Defendants including BPD Deputies, Sergeants or

26    employees of BAKERSFIELD, including Defendants SANDEEP MALHI; KEVIN SHIPTON

27    and DOES 1 through 10, inclusive,  was malicious, wanton, oppressive, and accomplished with a

28    conscious disregard for the rights of Plaintiff entitling Plaintiff ELICEO MERAZ, individually

1  and as successor-in-interest to Plaintiff ELICEO MERAZ, to an award of exemplary and punitive

2  damages as to individual Defendants including Defendants SANDEEP MALHI; KEVIN

3  SHIPTON and DOES 1 through 10, inclusive.

4  <center>**FIFTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**
**(By Plaintiff ELICEO MERAZ Against Defendants SANDEEP MALHI; KEVIN**
**SHIPTON; BAKERSFIELD and DOES 1-10)**
**(Tom Bane Act Violations)**</center>

7  69.    Plaintiff repeats and re-alleges each allegation in all the preceding paragraphs of

8  this Complaint with same force and effect as if fully set forth herein.

9  70.    This action is brought pursuant to section 52.1 of the California Civil Code.  The

10  present action is also brought pursuant to section 820 and 815.2 of the Government Code.

11  Pursuant to section 820 of the California Government Code, as a public employee, Defendants

12  SANDEEP MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10, inclusive, are liable

13  for injuries caused by their acts or omissions to the same extent as a private person.

14  71.    At all times mentioned herein, Defendants, including Defendants SANDEEP

15  MALHI; KEVIN SHIPTON and DOES 1-10, inclusive, were acting within the course and scope

16  of their employment and/or agency with Defendant CITY OF BAKERSFIELD.   As such

17  Defendant CITY OF BAKERSFIELD is liable in respondent superior for the injuries caused by

18  the acts and omissions of Defendants, including Defendants SANDEEP MALHI; KEVIN

19  SHIPTON and DOES 1-10, inclusive, pursuant to section 815.2 of the California Government

20  Code.

21  72.    Plaintiff ELICEO MERAZ was subjected to excessive force by Defendants,

22  including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, in the form of

23  gunshots fired by said Defendants which struck Plaintiff ELICEO MERAZ and caused him

24  serious personal injuries.  The shooting was unnecessary and unwarranted as the circumstances

25  under which the shooting occurred did not require the use of any force whatsoever.  As an

26  unreasonable use of force, the shooting constituted a violation of Plaintiff ELICEO MERAZ's

27  constitutional rights against unreasonable searches and seizures protected by the Constitution of

28

<center>PLAINTIFF'S COMPLAINT FOR DAMAGES -- 22</center>

the State of California.    The shooting in the direction of Plaintiff ELICEO MERAZ was unreasonable and unwarranted as the circumstances under which the shooting occurred did not require the use of any force whatsoever.

73.    All of the above acts and omissions of the individual Defendants including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages to Plaintiff ELICEO MERAZ as to said individual Defendants.

74.    As a proximate result of the acts of Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, inclusive, Plaintiff ELICEO MERAZ suffered multiple gunshot wounds which caused him severe injuries and other damages.  As a proximate result of  the acts of Defendants, including Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, inclusive, in an amount according to proof at the time of trial.

75.    The above acts of Defendants including, Defendants SANDEEP MALHI; KEVIN SHIPTON and DOES 1-10, violated Plaintiff ELICEO MERAZ's civil rights as protected by section 52.1 of the Civil Code.

76.    By reason of the aforementioned acts and omissions of Defendants SANDEEP MALHI; KEVIN SHIPTON; BAKERSFIELD and DOES 1-10, Plaintiff ELICEO MERAZ sustained, losses, injuries and damages which are itemized as follows:

l.    Serious and severe personal injuries to Plaintiff ELICEO MERAZ, including pain, past, present and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation and emotional distress in an amount according to proof at the time of trial;

m.    Expenses for Plaintiff's past, present and future medical care and treatment in an amount according to proof at the time of trial; and

c.    Loss of Plaintiff's past earnings, future earnings and future earning capacity potential in an amount according to proof at the time of trial.

77.    As such, Plaintiff ELICEO MERAZ is entitled to compensatory damages in an amount according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages against the individual Defendants, the costs of suit incurred in this

1 │ action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any

2 │ other additional relief that the Court deems proper.

3 │ **PRAYER FOR RELIEF**

4 │     WHEREFORE, Plaintiff ELICEO MERAZ requests entry of judgment in his favor and

5 │ against Defendants, and each of them, as follows:

6 │   A. For compensatory damages, for pain, past, present and future physical pain, mental

7 │     suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience,

8 │     grief, anxiety, humiliation and emotional distress in an amount according to proof at the

9 │     time of trial;

10 │   B. For compensatory damages, for Plaintiff's past, present and future medical care and

11 │     treatment in an amount according to proof at the time of trial;

12 │   C. For loss of Plaintiff's past earnings, future earnings and future earning capacity potential

13 │     in an amount according to proof at the time of trial;

14 │   D. For punitive damages against the individual defendants in an amount to be proven at trial;

15 │   E. For pre-judgment and post-judgment interest;

16 │   F. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C.

17 │     Section 1988;

18 │   G. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane

19 │     Act and other state statutes;

20 │   H. For all other damages allowed under federal and state law and;

21 │   I. For such further other relief as the Court may deem just, proper, and appropriate.

22 │

23 │ Dated: June 11, 2021           **GUIZAR, HENDERSON & CARRAZCO, LLP**

24 │

25 │

26 │               By: _____

27 │                    HUMBERTO GUIZAR
   │                    KENT M. HENDERSON

28 │                    Attorneys for Plaintiff ELICEO MERAZ

1    <u>**DEMAND FOR JURY TRIAL**</u>

2    Plaintiff ELICEO MERAZ hereby demands a trial by jury.

3

4    Dated: June 11, 2021        **GUIZAR, HENDERSON & CARRAZCO, LLP**

5

6

By:
7    _____
    HUMBERTO GUIZAR
8    KENT M. HENDERSON
    Attorney for Plaintiff ELICEO MERAZ
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES -- 25

EXHIBIT 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
6/14/2021
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF BAKERSFIELD; SANDEEP MALHI; KEVIN SHIPTON; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELICEO MERAZ, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California <br> County of Kern <br> 1415 Truxtun Ave., Bakersfield, CA 93301 | CASE NUMBER: *(Número del Caso):* <br> **BCV-21-101334** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Humberto Guizar, Kent M. Henderson, Angel Carrazco, Jr.,  GUIZAR, HENDERSON & CARRAZCO, L.L.P., (See Attachment)

| DATE: | | | Clerk, by | | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)*  6/14/2021 | TAMARAH HARBER-PICKENS | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   City Of Bakersfield

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courts.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Eliceo Meraz v. City of Bakersfield, et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✔] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

Humberto M. Guizar, Esq. (SBN 125769)
hguizar@ghclegal.com
Kent M. Henderson, Esq., (SBN 139530)
hendolaw@gmail.com
Angel Carrazco, Jr., Esq. (SBN 230845)
angel@carrazcolawapc.com
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Boulevard
Tustin, CA 92780
Telephone: (714) 541-8600
Facsimile: (714) 541-8601
Attorneys for Plaintiff ELICEO MERAZ

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT 3



SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JUNE 14, 2021

By *Sophia Munoz Alvarez* DEPUTY

**PLAINTIFF/PETITIONER:**
 **ELICEO MERAZ**
**DEFENDANT/RESPONDENT:**
 **CITY OF BAKERSFIELD**
 **SANDEEP MALHI**
 **KEVIN SHIPTON**

**NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:

BCV-21-101334

By order of the presiding judge, the above entitled case is assigned to the Honorable Bernard C. Barmann, JR for all purposes. It will be managed on the direct calendar program in Bakersfield Department 10 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **BCB** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **September 27, 2021** in **Bakersfield Department 10** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Bernard C. Barmann, JR on **December 13, 2021** at **8:30AM** in **Bakersfield Department 10** of the above entitled court. <u>Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.</u>

**NOTICE TO PLAINTIFF'S COUNSEL**
<u>**IMPORTANT**</u>: You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
<u>**IMPORTANT**</u>: If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  June 14, 2021

By:    *Sophia Munoz Alvarez*
 Sophia Munoz Alvarez, Deputy Clerk

Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 1 of 4

ALBRIGHT VS CITY OF BAKERSFIELD
BCV-21-101334

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Bernard C. Barmann, JR as monitoring judge.

Judge Bernard C. Barmann, JR has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 10. This will involve all cases in which the clerk has assigned the initials BCB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-868-5414.   Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm.  Click on the Non-Criminal Case Information link to enter the case number.  Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Bernard C. Barmann, JR.  However, those cases that do not settle will be set for trial before him/her.

ROMEO YBARRA VS CITY OF BAKERSFIELD
BCV-21-101334

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:       June 14, 2021

Place of Posting:      Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                   **TAMARAH HARBER-PICKENS**
                                                   CLERK OF THE SUPERIOR COURT
Date:  June 14, 2021

                                   By:        *Sophia Munoz Alvarez*
                                               Sophia Munoz Alvarez, Deputy Clerk

EXHIBIT 4

1    Michael G. Marderosian (SBN 77296)
        *mick@mcc-legal.com*
2    Heather S. Cohen (SBN 263093)
        *heather@mcc-legal.com*
3    MARDEROSIAN & COHEN
     1200 Truxtun Avenue, Suite 130
4    Bakersfield, CA 93301
     Telephone:  (559) 441-7991
5    Facsimile: (559) 441-8170

6    Virginia Gennaro, No. 138877
        *vgennaro@bakersfieldcity.us*
7    City Attorney
     CITY OF BAKERSFIELD
8    1501 Truxtun Avenue
     Bakersfield, CA  93301
9    Telephone:  (661) 326-3721
     Facsimile:  (661) 852-2020

10

11   Attorneys for:  Defendants CITY OF BAKERSFIELD, SANDEEP MALHI
                      and KEVIN SHIPTON

12

13                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                              COUNTY OF KERN

15   ELICEO MERAZ,                    )    Case No.  BCV-21-101334
                                      )
16                 Plaintiff,         )    **NOTICE TO ADVERSE PARTIES OF**
                                      )    **REMOVAL OF CASE TO FEDERAL**
17          v.                        )    **COURT**
                                      )
18   CITY OF BAKERSFIELD; SANDEEP     )
     MALHI; KEVIN SHIPTON; and DOES   )
19   1 through 10, inclusive,         )
                                      )
20                 Defendants.        )
                                      )
21   ─────────────────────────────────)

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

23          NOTICE IS HEREBY GIVEN that Defendants CITY OF BAKERSFIELD, SANDEEP

24   MALHI and KEVIN SHIPTON have filed their Notice of Removal of the above-captioned action, a

25   copy of which is attached hereto (without exhibits), with the United States District Court for the

26   Eastern District of California, Fresno Division.

27          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d) the filing of said

28   Notice in the United States District Court, together with the filing of said Notice with this Court,

MARDEROSIAN & COHEN

1    effects the removal of this action and the above-captioned Court may proceed no further unless and

2    until the case has been remanded.

3    Dated:  July 29, 2021                                MARDEROSIAN & COHEN

4

5

6                                                        By: _____

7                                                              Michael G. Marderosian,
                                                              Attorney for Defendant above-named.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARDEROSIAN & COHEN

1    Michael G. Marderosian (SBN 77296)
       *mick@mcc-legal.com*
2    Heather S. Cohen (SBN 263093)
       *heather@mcc-legal.com*
3    MARDEROSIAN & COHEN
     1200 Truxtun Avenue, Suite 130
4    Bakersfield, CA 93301
     Telephone: (559) 441-7991
5    Facsimile: (559) 441-8170

6    Virginia Gennaro, No. 138877
       *vgennaro@bakersfieldcity.us*
7    City Attorney
     CITY OF BAKERSFIELD
8    1501 Truxtun Avenue
     Bakersfield, CA 93301
9    Telephone: (661) 326-3721
     Facsimile: (661) 852-2020

10

11   Attorneys for: Defendants CITY OF BAKERSFIELD, SANDEEP MALHI
                      and KEVIN SHIPTON

12                         UNITED STATES DISTRICT COURT

13                      EASTERN DISTRICT / FRESNO DIVISION

14

15   ELICEO MERAZ,                          )   Case No. _____
                                            )
16                      Plaintiff,          )   **NOTICE OF REMOVAL OF**
                                            )   **CASE TO FEDERAL COURT**
17           v.                             )
                                            )
18   CITY OF BAKERSFIELD; SANDEEP           )
     MALHI; KEVIN SHIPTON; and DOES         )
19   1 through 10, inclusive,               )
                                            )
20                      Defendants.         )
                                            )
21   _____       )

22           Defendants CITY OF BAKERSFIELD, SANDEEP MALHI and KEVIN SHIPTON

23   (hereinafter "City Defendants") respectfully allege as follows:

24           1.     On June 11, 2021, Plaintiff Eliceo Meraz filed his Summons, Complaint and Civil Case

25   Cover Sheet with the Kern County Superior Court.

26           2.     On June 14, 2021, the Kern County Superior Court issued a Notice of Assignment to

27   Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case

28   Management Conference and Order to Show Cause hearing.

MARDEROSIAN & COHEN

3.    A copy of all of the pleadings in the City Defendants' file are attached hereto as Exhibits 1 through 6 as follows:

| NO. | DATE | DOCUMENT | FILED BY |
|---|---|---|---|
| 1 | 06/11/2021 | Complaint | Plaintiff |
| 2 | 06/11/2021 | Issued Summons | Plaintiff |
| 3 | 06/14/2021 | Notice of Assignment to Judge for All Purposes and Notice of Order to Show Cause Re CRC Rule 3.110 and Notice of Case Management Conference | Kern County Superior Court |

4.    The only matters set for hearing in the Kern County Superior Court is an Order to Show Cause Re CRC 3.110 on September 27, 2021 and a Case Management Conference on December 13, 2021.

5.    This Court has original jurisdiction over the claims against City Defendants under 28 U.S.C. § 1331 because district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6.    The removal of this claim against City Defendants to this Court is proper under 28 U.S.C § 1441(b) because any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties and under 28 U.S.C § 1441(c) because the claims asserted against the City Defendants are separate and independent.

7.    A copy of the Notice to Adverse Parties of Removal of Case to Federal Court which attaches this Notice of Removal of Case to Federal Court that will be filed with the Kern County Superior Court is attached hereto as Exhibit 4.

WHEREFORE, City Defendants pray that this action be removed to this Court.

Dated:  July 29, 2021                    MARDEROSIAN & COHEN

                                        /s/ Michael G. Marderosian

                                        By:_____
                                              Michael G. Marderosian,
                                              Attorney for Defendant above-named.

MARDEROSIAN & COHEN

2

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF FRESNO

3

   I am employed in the county aforesaid; I am over the age of eighteen years and not a party to

4

the within entitled action; my business address is 7797 N. First Street, Suite 101-5, Fresno, CA 93720.

   On July 29, 2021, I served the attached document on the interested parties listed in the attached

5

Service List in said action, by using the method(s) listed below:

6

☒ Via U.S. Mail:     I am readily familiar with the firm's practice for collection and processing of

7

             correspondence for mailing with the United States Postal Service.  The practice is
to deposit correspondence with the United States Postal Service the same day it is

8

             placed for mailing in the ordinary course of business.  I placed the envelope(s),
with postage prepaid, for collection and processing for mailing following said

9

             practice.  (C.C.P. § 1013, *et seq.*)

10

☐ Via Hand Delivery:   I caused the document(s) listed above to be served via hand delivery to the
             address(es) listed above.

11

             (C.C.P. § 1013, *et seq.*)

12

☐ Via Overnight Courier:  I caused the document(s) listed above to be served by overnight courier to the
             address(es) listed above.

13

             (C.C.P. § 1013, *et seq.*)

14

☐ Via Facsimile:    I served the document(s) listed above via facsimile transmission to the number(s)
             listed above.

15

             (C.C.P. § 1013, *et seq.*)

16

☒ Via Email:     I served the document(s) listed above via electronic transmission to the email
             address(es) listed above pursuant to California Code of Civil Procedure Section

17

             1010.6, *et seq.*

18

☐ State:      I declare under penalty of perjury under the laws of the State of California that the
             foregoing is true and correct.

19

☒ Federal:     I declare that I am employed in the office of a member of the bar of this court at
             whose direction service was made.

20

   Executed on July 29, 2021, at Fresno, California.

21

22

         */s/ Kate Freitas*

23

         _____

         Kate Freitas

24

25

26

27

28

MARDEROSIAN & COHEN

1

**SERVICE LIST**

2

| ATTORNEY(S) | REPRESENTING PARTY(IES) |
| --- | --- |
| Humberto Guizar, Esq.<br>Kent M. Henderson, Esq.<br>Angel Carrazco, Jr., Esq.<br>GUIZAR, HENDERSON<br>& CARRAZCO, L.L.P.<br>18301 Irvine Boulevard<br>Tustin, CA 92780<br>Facsimile:  (714) 541-8601<br>Email:  hguizar@ghclegal.com;<br>hendolaw@gmail.com;<br>angel@carrazcolaw.com | Plaintiff ELICEO MERAZ |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARDEROSIAN & COHEN

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF FRESNO

3

   I am employed in the county aforesaid; I am over the age of eighteen years and not a party to

4

the within entitled action; my business address is 7797 N. First Street, Suite 101-5, Fresno, CA 93720.

   On July 29, 2021, I served the attached document on the interested parties listed in the attached

5

Service List in said action, by using the method(s) listed below:

6

  ☒ Via U.S. Mail:    I am readily familiar with the firm's practice for collection and processing of

7

              correspondence for mailing with the United States Postal Service.  The practice is
to deposit correspondence with the United States Postal Service the same day it is

8

              placed for mailing in the ordinary course of business.  I placed the envelope(s),
with postage prepaid, for collection and processing for mailing following said

9

              practice.  (C.C.P. § 1013, *et seq.*)

10

  ☐ Via Hand Delivery:  I caused the document(s) listed above to be served via hand delivery to the
              address(es) listed above.

11

              (C.C.P. § 1013, *et seq.*)

  ☐ Via Overnight Courier: I caused the document(s) listed above to be served by overnight courier to the

12

              address(es) listed above.
              (C.C.P. § 1013, *et seq.*)

13

  ☐ Via Facsimile:   I served the document(s) listed above via facsimile transmission to the number(s)

14

              listed above.
              (C.C.P. § 1013, *et seq.*)

15

  ☒ Via Email:    I served the document(s) listed above via electronic transmission to the email

16

              address(es) listed above pursuant to California Code of Civil Procedure Section
              1010.6, *et seq.*

17

  ☒ State:      I declare under penalty of perjury under the laws of the State of California that the

18

              foregoing is true and correct.

19

  ☐ Federal:     I declare that I am employed in the office of a member of the bar of this court at
              whose direction service was made.

20

   Executed on July 29, 2021, at Fresno, California.

21

22

23

24

           _____
           Kate Freitas

25

26

27

28

MARDEROSIAN & COHEN

1

## SERVICE LIST

2

| ATTORNEY(S) | REPRESENTING PARTY(IES) |
|---|---|
| Humberto Guizar, Esq.<br>Kent M. Henderson, Esq.<br>Angel Carrazco, Jr., Esq.<br>GUIZAR, HENDERSON<br>& CARRAZCO, L.L.P.<br>18301 Irvine Boulevard<br>Tustin, CA 92780<br>Facsimile: (714) 541-8601<br>Email: hguizar@ghclegal.com;<br>hendolaw@gmail.com;<br>angel@carrazcolaw.com | Plaintiff ELICEO MERAZ |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARDEROSIAN & COHEN

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF FRESNO

3

      I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 7797 N. First Street, Suite 101-5, Fresno, CA 93720.

4

5

      On July 29, 2021, I served the attached document on the interested parties listed in the attached Service List in said action, by using the method(s) listed below:

6

☒  Via U.S. Mail:          I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. The practice is to deposit correspondence with the United States Postal Service the same day it is placed for mailing in the ordinary course of business. I placed the envelope(s), with postage prepaid, for collection and processing for mailing following said practice. (C.C.P. § 1013, *et seq.*)

7

8

9

☐  Via Hand Delivery:    I caused the document(s) listed above to be served via hand delivery to the address(es) listed above.
(C.C.P. § 1013, *et seq.*)

10

11

☐  Via Overnight Courier:  I caused the document(s) listed above to be served by overnight courier to the address(es) listed above.
(C.C.P. § 1013, *et seq.*)

12

13

☐  Via Facsimile:      I served the document(s) listed above via facsimile transmission to the number(s) listed above.
(C.C.P. § 1013, *et seq.*)

14

15

☒  Via Email:         I served the document(s) listed above via electronic transmission to the email address(es) listed above pursuant to California Code of Civil Procedure Section 1010.6, *et seq.*

16

17

☐  State:           I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

☒  Federal:        I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

20

     Executed on July 29, 2021, at Fresno, California.

21

22

          */s/ Kate Freitas*

23

          _____
          Kate Freitas

24

25

26

27

28

MARDEROSIAN & COHEN

**SERVICE LIST**

| ATTORNEY(S) | REPRESENTING PARTY(IES) |
|---|---|
| Humberto Guizar, Esq.<br>Kent M. Henderson, Esq.<br>Angel Carrazco, Jr., Esq.<br>GUIZAR, HENDERSON<br>& CARRAZCO, L.L.P.<br>18301 Irvine Boulevard<br>Tustin, CA 92780<br>Facsimile:  (714) 541-8601<br>Email:  hguizar@ghclegal.com;<br>hendolaw@gmail.com;<br>angel@carrazcolaw.com | Plaintiff ELICEO MERAZ |

MARDEROSIAN & COHEN