**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELICEO MERAZ, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BAKERSFIELD, et al., <br><br> Defendants. | Case No.: 1:21-cv-01146-NONE-JLT <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY UNTIL STATE'S CRIMINAL PROCEEDINGS AGAINST PLAINTIFF ARE RESOLVED <br><br> ORDER DIRECTING DEFENDANTS TO FILE STATUS REPORTS REGARDING CRIMINAL PROCEEDINGS <br><br> (Doc. 8) <br><br> [90-DAY DEADLINE] |

On July 30, 2021, Defendants filed a motion to stay. (Doc. 8.) Plaintiff filed an opposition on August 17, 2021. (Doc. 9.) On August 23, 2021, Defendants filed a reply. (Doc. 11.) For the reasons set forth below, Defendants' request for a stay is **GRANTED**.

**I.     Factual Allegations**[1]

On November 30, 2020, Eliceo Meraz attempted to steal a tractor loader which was parked on the side of the road being used by a construction crew. (Doc. 8-1 at 2.) The driver of the tractor loader

---

[1] The factual allegations are as presented by Defendants in the instant motion. (See Doc. 8-1 at 2-3.) In Defendants' reply, they argue that Plaintiff's statement of facts is contrary to the evidence, witness statements, and Plaintiff's own statements. (Doc. 11 at 2-3.)

1

observed Plaintiff in the front seat of his tractor loader and then drive off. (Id.) When the driver of the tractor loader began to chase him and the driver's foreman boxed the Plaintiff in with another tractor loader, the Plaintiff then fled on foot to a nearby pickup truck and drove away. (Id.) Officers were dispatched to the area for a call for service of a male stealing a large piece of equipment and leaving in a red Nissan pickup truck. (Id.) Officers arrived in the area and observed the Plaintiff in the truck driving near them at a low rate of speed and making direct eye contact with them. (Id.) He then stopped his truck and officers made contact with him by giving numerous loud verbal commands to "show his hands". (Id.) Plaintiff yelled "fuck you, motherfucker". (Id.) Plaintiff ignored the officers' warnings and he opened his driver's side door, crouched in a "tactical" shooting type stance with his arms locked and pointed what appeared to be a black handgun at the officers through the driver's side window. (Id.) The officers then fired their weapons and shot the Plaintiff. (Id.) Immediately thereafter, medical aid was rendered to Plaintiff by officers as well as Hall Ambulance and the Bakersfield Fire Department. (Id.)

Not only did the officers believe Plaintiff had a firearm, but a witness also recounted that the Plaintiff pointed a gun at officers and fired upon them. (Doc. 8-1 at 2.) As it turned out, Mr. Meraz had used a black battery pack to mimic a gun in hopes that the officers would perceive it to be a gun and shoot him. (Id.) Mr. Meraz told officers after the incident that he did this intentionally because he wanted to die. (Id.) Mr. Meraz had been in an argument with his girlfriend and wanted to commit "suicide by cop." (Id.) When the Plaintiff's truck was searched, a methamphetamine smoking pipe was found on the floorboard. (Id.)

Following this incident, Plaintiff Eliceo Meraz was charged with seven separate criminal counts including, but not limited to: (1) VC 10851(A)–take vehicle without owner's consent; (2) PC 496D(A)–possess stolen vehicle/vessel/etc.; (3) PC 69–obstruct/resist executive officer; (4) PC 69–obstruct/resist executive officer; (5) PC 148(A)(1)–obstruct/resist/etc. public/peace officer/emergency medical team; (6) VC 14601.2(A)–drive while license suspended/revoked for DUI; and (7) possess controlled substance paraphernalia. (Doc. 8-1 at 3.) The preliminary hearing was scheduled to take place on August 10, 2021. (Id.)

On June 11, 2021 Plaintiff filed his civil complaint for damages. (Doc. 8-1 at 3.) On July 29,

2021, the case was removed to this Court. (Doc. 2.)

## II. Legal Standards

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433-34 (2009). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." Id.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[ ] to require such action.'" Id. (citations omitted).

## III. Discussion and Analysis

### A. Same Nucleus of Facts

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007); see also Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. Keating, 45 F.3d at 324 (citing Molinaro, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the

convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public. Keating, 45 F.3d at 324-25.

As Defendants allege, the civil rights action implicates Plaintiff's Fifth Amendment rights. (Doc. 11 at 3.) Defendants assert that the facts and circumstances underlying Plaintiff's criminal prosecution particularly regarding the various resisting charges overlaps with all his claims here. (Id.) Both cases involve the November 30, 2020 incident between Plaintiff and the Defendants and will involve substantially all the same parties and witnesses. (Id.) Thus, if this case proceeds, Defendants will seek discovery from Plaintiff, and he will be required to respond under oath. (Id.) The discovery will involve Plaintiff's alleged misconduct on November 30, 2020. (Id.) Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights. (Id.)

Defendants further contend that if Plaintiff invokes his Fifth Amendment rights it may impede Defendants' discovery. (Doc. 11 at 3-4, citing Jones v. Conte, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case.").)

Likewise, the other Keating factors also support a stay. As Defendants allege, any prejudice to Plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time. (Doc. 11 at 4, citing McCormick v. Rexroth, 2010 U.S. Dist. LEXIS 35783 at *3 (N.D. CA Mar. 15, 2010).) In addition, the public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." Douglas v. United States, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

Additionally, Defendants allege that if a stay is not granted the defenses available may be limited. (Doc. 11 at 4.) If the court in the criminal action considers Plaintiff's factual allegations regarding the November 30, 2020 incident, such findings may be binding in this Court. (Id.) Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a Heck bar or issue preclusion. (Doc. 8-1 at 5-6); see Wallace, 549 U.S. at 393-94 (noting that the

question of whether a section 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted. "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") (citation omitted); see also Vivas v. Cty. of Riverside, 2016 WL 9001020, at *3 (C.D. CA Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending). Furthermore, Defendants allege that judicial efficiency also favors imposition of a stay because Plaintiff's criminal action involves many of the same facts. (Doc. 11 at 4.) Accordingly, the Court will stay this action until Plaintiff's criminal charges have been resolved.

### B. Younger Abstention

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 77 (2013). A court may consider *sua sponte* whether Younger abstention should be invoked at any point in the litigation. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under Younger when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." Escobar v. LASD Male Doe, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).

Defendants allege that the Plaintiff is being criminally prosecuted by the Kern County District

Attorney's office for numerous counts as a result of this incident, and the outcome of the criminal case could have a significant impact on this case. (Doc. 8-1 at 3; Doc. 11 at 5.) Even if a stay is not warranted under the former analysis, a stay is warranted under Younger. Defendants assert that each element of Younger is satisfied because (1) there is an ongoing criminal case which arose from the facts that are presented in this case; (2) the Plaintiff is being criminally prosecuted by the State of California and that prosecution should be allowed to proceed free of federal interference; and (3) there will be an opportunity to litigate the issue of whether the use of force was unconstitutional behavior under the Fourth Amendment in the criminal proceeding. (Doc. 8-1 at 5; Doc. 11 at 5-6.)

Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Indeed, Plaintiff may raise constitutional issues in the state proceedings. See Pennzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). In addition, Plaintiff is seeking damages in this civil action. (See Doc. 2.) Accordingly, it is clear that principles of judicial comity authorize the Court to stay this action until Plaintiff's criminal proceedings have concluded.

**IV.     Conclusion and Order**

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' motion to stay (Doc. 8) is GRANTED;

2. The instant action is STAYED pending resolution of Plaintiff's criminal case; and

///
///
///
///
///
///

3. Defendants shall file a status report within **90 days** from the date of service of this order, and every **60 days** thereafter, addressing the status of the criminal proceedings until they are resolved.

IT IS SO ORDERED.

Dated:   **August 25, 2021**                               _ **/s/ Jennifer L. Thurston**
                                                            CHIEF UNITED STATES MAGISTRATE JUDGE