UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELICEO MERAZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01146-KES-CDB<br><br>ORDER REQURING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>**7-DAY DEADLINE** |

**Background**

Plaintiff Eliceo Meraz initiated this action with the filing of a complaint in state court against Defendant City of Bakersfield and Bakersfield Police Officers Sandeep Malhi and Kevin Shipton on or about June 11, 2021. (Doc. 2, Exhibit 1). Defendants removed the action to this Court on July 29, 2021. (Doc. 2, Notice of Removal). In the complaint, Plaintiff asserts federal civil rights and related state law causes of action against Defendants arising from his encounter with the defendant officers on November 30, 2020, during which the defendant officers allegedly discharged their firearms at and injured Plaintiff.

On August 26, 2021, the Court granted Defendants' motion to stay this action pending the resolution of a state court criminal case against Plaintiff arising from the same November 2020 incident at issue here. (Doc. 8). The Court reasoned that a stay was warranted under the relevant factors applicable in the Ninth Circuit under *Keating v. Office of Thrift Supervision*, particularly

1   given the overlap between the criminal case and this case and the substantial risk of prejudice that
2   may result to the Plaintiff's Fifth Amendment rights absent a stay. *Id.* at 4.  The Court separately
3   found that a stay was warranted pursuant to the doctrine of *Younger* abstention. *Id.* at 5-6.

4   The case now has been stayed for approximately 45 months during which Defendants, at
5   the Court's direction, have filed approximately 23 periodic status reports. In their report of
6   December 6, 2024, Defendants state that Plaintiff pled nolo contendere to the seven underlying
7   felony and misdemeanor charges on October 17, 2024. (Doc. 48, Exhibit A). It appears from the
8   docket of the state court criminal case that Plaintiff was initially scheduled for sentencing on
9   December 5, 2024, but that, because he failed to appear, sentencing and a bench warrant hearing
10  were reset for December 10, 2024. *See id.*

11  On January 8, 2025, counsel for Plaintiff and Defendants filed a further status report in
12  which they expressed their "understanding that the Plaintiff did not appear for his sentencing and
13  that there is an active warrant out for Plaintiff's arrest." (Doc. 52).

14  In their most recent report, dated May 8, 2025, Defendants represent that neither side has
15  further information concerning the status of Plaintiff's underlying criminal case and that
16  sentencing remains pending. (Doc. 55).

17  **Discussion**

18  "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v.*
19  *Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).

20  Here, by his reported fugitive status, Plaintiff is unnecessarily delaying litigation of this
21  action and potentially creating a *de facto* indefinite stay. Counsel for Plaintiff's representation to
22  defense counsel that he is "not up to speed on the criminal proceedings" (Doc. 55 at 2)
23  exacerbates the undersigned's concern that Plaintiff is unprepared to prosecute his action
24  diligently.

25  "District courts have inherent power to control their dockets" and, in exercising that
26  power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City*
27  *of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Relevant here, the Court may dismiss an
28  action for a plaintiff's failure to prosecute. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

2

Cir. 1986). Separately, the Court may dismiss an action where, as here, a Section 1983 plaintiff is a fugitive in an underlying state criminal case. *See Yuan v. City of Los Angeles*, 559 Fed. Appx. 643, 644 (9th Cir. 2014) (citations omitted).

### Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that **within 7 days** from the date of issuance of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for Plaintiff's failure to prosecute and, separately, under the fugitive disentitlement doctrine.

**Any failure by Plaintiff to timely comply with this Order will result in the imposition of sanctions, up to and including a recommendation to dismiss the entire action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **May 14, 2025**                              _____
                                                                                UNITED STATES MAGISTRATE JUDGE