UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELICEO MERAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01146-KES-CDB<br><br>ORDER ON STIPULATION DELAYING BRIEFING SCHEDULE ON DEFENDANTS' HECK BAR MOTION<br><br>(Doc. 61)<br><br>ORDER SETTING SCHEDULING CONFERENCE ON JANUARY 27, 2026<br><br>(Doc. 5) |

**Relevant Background**

Plaintiff Eliceo Meraz ("Plaintiff") initiated this action with the filing of a complaint in state court against Defendants City of Bakersfield and Bakersfield Police Officers Sandeep Malhi and Kevin Shipton ("Defendants") on or about June 11, 2021. (Doc. 2, Exhibit 1). Defendants removed the action to this Court on July 29, 2021. (Doc. 2, Notice of Removal).

On August 26, 2021, the Court granted Defendants' motion to stay this action pending the resolution of a state court criminal case against Plaintiff arising from the same November 2020 incident at issue in this civil action. (Doc. 8). The Court reasoned that a stay was warranted under the relevant factors applicable in the Ninth Circuit under *Keating v. Office of Thrift Supervision*, particularly given the overlap between the criminal case and this case and the substantial risk of prejudice that may result to the Plaintiff's Fifth Amendment rights absent a stay. *Id.* at 4. The

Court separately found that a stay was warranted pursuant to the doctrine of *Younger* abstention. *Id.* at 5-6.

Following a stay of proceedings in this case of close to four years prompted largely by the pendency of Plaintiff's criminal case, at the parties' joint request, on June 3, 2025, the Court lifted the stay in this case for the limited purpose of facilitating the parties' litigation of whether Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and set a briefing schedule on Defendants' anticipated motion based on the *Heck* bar. (Docs. 59, 60). The Court ordered that: (1) Defendants shall subpoena within 30 days of entry of the order Plaintiff's criminal records and transcripts relating to the case of *People v. Meraz*, Kern County Superior Case No. BF184064A; (2) within 30 days of the latter of receipts of the state court records or receipt of the criminal transcripts, Defendants shall file a motion based on the *Heck* bar; (3) Plaintiff shall file any opposition to Defendants' motion within 21 days of its filing; (4) Defendants shall file any reply within 14 days of the filing of any opposition; and (5) that the motion will be submitted on the papers and without hearing or oral argument. (Doc. 60 at 4).

**Discussion**

Pending before the Court is the parties' stipulated request, filed on December 8, 2025, to lift the stay in full and delay the operative *Heck*-bar briefing schedule. (Doc. 61). The parties represent that counsel for Defendants received the state court records and transcripts on November 11, 2025, making the time for Defendants' motion based on the *Heck* bar due on or before December 11, 2025. *Id.* at 2. The parties represent that in light of the Ninth Circuit's opinion in *King v. Villegas*, 156 F.4th 979, No. 23-1713 (9th Cir. 2025), and that counsel for Defendants has been informed that the Attorney General intends to file a Petition for Review *en banc* in *King* and that such petition will be filed on or before December 18, 2025, the parties seek to conduct discovery in this case. *Id.* at 2-3. The parties represent that if *King* is reversed, Defendants can seek to file their *Heck* motion at that time, but under *King*, Defendants do not believe that such a motion is legally viable. *Id.* at 3. The parties request that the scheduling conference be set prior to which they will file a joint scheduling report and that the parties seek to delay any *Heck* briefing to correspond to the deadline set for dispositive motions following the scheduling conference. *Id.* at

3.

In light of the parties' representations in the stipulated request to lift the stay in this case in its entirety and that a scheduling conference be set, the Court finds good cause to lift the stay, vacate the briefing schedule on Defendants' *Heck* bar motion and filing requirements thereto (Doc. 60 at 4), and set a scheduling conference as set forth below.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The stay in this case (Docs. 12, 60) is LIFTED in full;
2. The briefing schedule on Defendants' motion based on the *Heck* bar and filing requirements thereto (Doc. 60 at 4) are VACATED; and
3. A scheduling conference is set for **January 27, 2026, at 9:30 AM** in Bakersfield (CDB) before the undersigned. The parties are directed to file a joint scheduling report one (1) full week prior to the scheduling conference and e-mailed, in Word format, to cdborders@caed.uscourts.gov. *See* (Doc. 5) (Order Setting Mandatory Scheduling Conference).

IT IS SO ORDERED.

Dated:   **December 9, 2025**  _____
UNITED STATES MAGISTRATE JUDGE

3