UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELICEO MERAZ,<br>Plaintiff,<br>v.<br>CITY OF BAKERSFIELD, *et al.*,<br>Defendants. | Case No. 1:21-cv-01146-KES-CDB<br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER AS MODIFIED<br>(Doc. 80)<br>ORDER DIRECTING PARTIES TO FILE JOINT MID-DISCOVERY STATUS REPORT<br>**August 24, 2026, Deadline** |

**Relevant Background**

Plaintiff Eliceo Meraz ("Plaintiff") initiated this action with the filing of a complaint in state court against Defendants City of Bakersfield ("City"), Sandeep Malhi, and Kevin Shipton (collectively, "Defendants") on June 11, 2021, before Defendants removed the action to this Court on July 29, 2021. (Doc. 1). On January 27, 2026, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 67). On July 8, 2026, the Court ordered counsel for Plaintiff to undertake all reasonable efforts to communicate with Plaintiff Meraz and thereafter file a joint status report no later than August 7, 2026, in which the parties address their respective positions regarding further scheduling of the case. (Doc. 79).

**Discussion**

Pending before the Court is the parties' joint status report in response to the Court's order, construed as a joint stipulated request to amend the scheduling order, filed on August 7,

2026. (Doc. 80). Counsel for Plaintiff represents that he re-established communication with Plaintiff Meraz and that Plaintiff seeks to proceed with the prosecution of this action. *Id.* at 2. Counsel for Plaintiff represents that Plaintiff will further supplement and comply with discovery and agrees with Defendant's proposed modification of the scheduling order. *Id.* Defendants request the scheduling order be modified to account for the at-least four-month delay of discovery as a result of counsel for Plaintiff's difficulty in maintaining communication with Plaintiff "for over a year" given Plaintiff had been in prison. *Id.*; *see* (Doc. 80-1, Declaration of Heather S. Cohen ("Cohen Decl.") ¶¶ 10, 13-14). Defendants represent good cause exists to modify the scheduling order to complete discovery because they have been diligent in their discovery efforts but, through no fault of their own, have been deprived of having a full understanding of Plaintiff's claims due to Plaintiff's delay in discovery. Cohen Decl. ¶ 15.

Based on the parties' representations, the Court finds good cause to grant the parties' construed stipulated request to amend case management dates consistent with the parties' request as modified below, with one exception.

The Court will require the parties to file a joint mid-discovery status report no later than the existing deadline (*i.e.*, August 24, 2026). *See* (Doc. 67 at 3-4). The joint report must outline and detail the discovery counsel have completed, to include the dates on which written discovery was propounded and to which responding parties served answers and/or documents responsive to the propounded discovery, and also, must detail what discovery remains to be completed, including the status of Plaintiff's filing of substantive responses and verifications for his responses to Defendants' January 23, 2026, service of Interrogatories, Requests for Admissions, and Request for Production of Documents.

In light of the significant extensions of time granted herein, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

///

///

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 67) is amended as modified as set forth below:

| **Event** | **Current Deadline** | **Amended Deadline** |
|---|---|---|
| Mid-Discovery Status Conference | August 31, 2026, at 9 AM | August 31, 2026, at 9 AM |
| Non-Expert Discovery | December 9, 2026 | April 9, 2027 |
| Expert Disclosure | January 4, 2027 | May 4, 2027 |
| Rebuttal Expert Disclosure | February 11, 2027 | June 11, 2027 |
| Expert Discovery | March 15, 2027 | July 15, 2027 |
| Non-Dispositive Motion Filing | April 8, 2027 | August 9, 2027 |
| Non-Dispositive Motion Hearing (CDB) | May 13, 2027, 10:30 AM | September 20, 2027, 10:30 AM |
| Dispositive Motion Filing | June 10, 2027 | October 11, 2027 |
| Dispositive Motion Hearing (KES) | August 2, 2027, 1:30 PM | December 6, 2027, 1:30 PM |
| Pretrial Conference (KES) | December 13, 2027, 1:30 PM | April 17, 2028, 1:30 PM |
| Jury Trial (KES) | February 8, 2028, 8:30 AM | June 13, 2028, 8:30 AM |

All other provisions of the operative scheduling order (Doc. 67) not in conflict with the modifications granted herein continue to govern and remain in effect.

IT IS SO ORDERED.

Dated: **August 10, 2026**

UNITED STATES MAGISTRATE JUDGE